

In The
Court of Appeals
Seventh District of Texas at Amarillo

No. 07-19-00107-CR

SCOTTY D. JUSTICE, APPELLANT

V.

THE STATE OF TEXAS, APPELLEE

On Appeal from the 137th District Court
Lubbock County, Texas
Trial Court No. 2010-427,029, Honorable John J. McClendon III, Presiding

August 28, 2020

MEMORANDUM OPINION

Before QUINN, C.J., and PIRTLE and DOSS, JJ.

Scotty D. Justice was convicted following a jury trial on two counts of aggravated sexual assault and one count of aggravated assault.[1] The accusations arose from a short-lived friendship gone awry. The friendship was between Vicki and Latricia. The ill will developed by Vicki towards Latricia resulted in the former contriving a plan to rid herself of Latricia, and she sought the aid of appellant in that endeavor. Per the plan,

---

[1] This appeal having first been attempted outside the jurisdictional periods, the Court of Criminal Appeals has since allowed appellant an out-of-time appeal. *See Ex parte Justice*, No. WR-89,485-01, 2019 Tex. Crim. App. Unpub. LEXIS 93 (Tex. Crim. App. Feb. 27, 2019) (not designated for publication).

appellant drove Latricia to a rural area of the county under the guise of purchasing beer. Forgoing the acquisition of that beverage, appellant instead 1) uttered to Latricia that he was going to kill her, 2) stopped the vehicle, lowered Latricia's pants and underwear, 3) penetrated her both vaginally and anally, 4) repeatedly struck Latricia in the face with his fists upon completing the sexual acts, 5) pushed her from the vehicle to the ground, and 6) kicked her about her head and body until she fell unconscious. He wore work boots at the time. Three issues pend for our review. Each implicates the sufficiency of the evidence underlying appellant's ensuing convictions. We affirm.

*Issue One*

Through issue one, appellant contends that the evidence was insufficient to prove the sexual assaults were nonconsensual, he uttered threatening words before or during the assault, and he beat her with a deadly weapon (i.e., his foot) during the sexual acts.[2] We overrule the issues.

Issue one arises from his conviction under counts one and two of the indictment. Wording of the two counts was generally identical, with the notable exception being substitution of "anus" in count two for "sexual organ" in count one. And, per the latter, the State alleged that appellant:

> did then and there intentionally or knowingly cause the penetration of the sexual organ of LATRICIA . . . by defendant's penis, without the consent of LATRICIA . . . , and the defendant did then and there by acts or words threaten to cause, or place, LATRICIA . . . in fear that death or serious bodily injury would be imminently inflicted on LATRICIA . . . , and said acts or words occurred in the presence of LATRICIA . . . ; the defendant did then and there use and exhibit a deadly weapon, to-wit: defendant's foot, that in the manner of its use and intended use was capable of causing death and serious bodily injury.

---

[2] In addressing the issues, we apply the standard of review discussed in *Braughton v. State*, 569 S.W.3d 592, 607–08 (Tex. Crim. App. 2018).

Again, appearing of record is evidence that appellant and Vicki planned to eliminate Latricia and induced her to ride with appellant based on a falsehood, to obtain beer. Having passed the store and upon being told of that by Latricia, appellant stated: "we weren't going to the store"; she "messed with the wrong person"; and he "was going to kill [her]." The tone of his voice while so speaking left her scared and fearing for her life. Inquiries by her about what he meant also led to him to say that she "would never . . . fuck with his family again."

Appellant continued driving, made several turns, and soon stopped in a cotton field around 10:30 p.m. Either shortly before stopping or upon stopping, Latricia asked not to be hurt and to be taken home. Appellant did not oblige her but, rather, exited the vehicle and opened the door next to her. Latricia testified that she did not know what he was going to do and was afraid for her life at that point. Then, appellant roughly turned her to face the door, left her seated but with her feet hanging from the seat, pulled her pants to her ankles, and inserted his penis first into her vagina and then into her rectum. According to Latricia, she said nothing, was "in shock," thought that her "family was never going to see [her] again," and believed that he was going to kill her but might not do so if she were compliant.

Having finished, appellant returned to the driver's side door, entered the truck, and ordered her to move towards him. She did, which led to appellant grabbing her hair and punching her in the face multiple times. So too did he forcibly push her through the passenger door of the truck and onto the ground, exit the vehicle, and commence alternately choking her and kicking her with his boot-shod feet. She fell unconscious. Upon her regaining consciousness, the choking resumed until she again fell unconscious. At that point, appellant left her in the field.

3

Latricia's being threatened with death, taken to a rural cotton field in the dark of night, roughly turned, subjected to the removal of her pants while fearing death, and remaining compliant in hope of surviving is some evidence upon which a rational jury could conclude beyond reasonable doubt that the acts of vaginal and anal penetration were not consensual. His utterances about her never messing with his family again and that he was going to kill her coupled with the fear those words instilled in Latricia were also some evidence upon which that same jury could rationally conclude beyond reasonable doubt that he uttered words threatening and causing her to fear death or serious bodily injury. So, appellant's argument that the State failed to prove either element of the crimes is unfounded.

As for the contention that the State failed to prove he used or exhibited a deadly weapon while sexually assaulting her, we say that it matters not. This is so because the State abandoned, prior to voir dire, that aspect of the indictment in open court, without objection from appellant. Its intent to so abandon the allegation was memorialized by the court reporter. *See Oduol v. State*, No. 10-05-00386-CR, 2007 Tex. App. LEXIS 182, at *18 (Tex. App.—Waco Jan. 10, 2007, no pet.) (mem. op.) (acknowledging that the State may abandon allegations of alternative means of committing an offense). The matters abandoned were also omitted from the jury charge. *See Perez v. State*, No. 05-15-00163-CR, 2016 Tex. App. LEXIS 9620, at *15 (Tex. App.—Dallas Aug. 30, 2016, no pet.) (mem. op., not designated for publication) (acknowledging that, even without formal action to abandon, the State may abandon a portion of an indictment by withholding objection to its omission from the jury charge). And, most importantly, appellant does not question on appeal the legitimacy of the State's abandoning that aspect of the indictment. In short, the State need not prove an allegation it legitimately abandoned.

4

*Issue Two*

Appellant next contends that the trial court erred in denying his motion for an instructed verdict. This complaint is directed at count three of the indictment. Therein, the State alleged he intentionally, knowingly, or recklessly caused serious bodily injury to Latricia by kicking and striking her head while "acting in retaliation against or on account of the service by [Latricia] as an informant" and did so while using or exhibiting the same deadly weapon, that is, his foot. He believed himself entitled to an instructed verdict because the State allegedly failed to prove he acted in retaliation for Latricia being an informant, knew she was an informant, and utilized a deadly weapon during his bodily assault upon her.[3] We overrule the issue.

Regarding the matter of retaliation for Latricia being an informant, that allegation was also abandoned by the State prior to voir dire and without objection of appellant. And, as before, appellant does not question the propriety of that act on appeal.

As for the matter of the deadly weapon, we first note the absence of any attempt to expound upon the contention. Appellant simply concludes that the State failed to prove he used a deadly weapon while kicking her with his boots. The absence of substantive analysis results in the issue being waived. *See Brooks v. Auros Partners, Inc.*, No. 07-18-00354-CV, 2020 Tex. App. LEXIS 3459, at *5 (Tex. App.—Amarillo Apr. 22, 2020, no pet.) (mem. op.). Moreover, we cannot conclude that evidence of Latricia being kicked about her body and head by appellant while he wore work boots coupled with testimony from an investigating officer and medical professional that those boots being used in that

---

[3] In addressing this issue, we apply the same standard of review utilized when assessing the sufficiency of the evidence. *See Hopper v. State*, 86 S.W.3d 676, 678 (Tex. App.—El Paso 2002, no pet.) (stating that challenging a decision denying an instructed verdict is actually a challenge to the sufficiency of the evidence supporting conviction).

way could cause death or serious bodily injury falls short of constituting sufficient evidence of him using a deadly weapon. *See* TEX. PENAL CODE ANN. § 1.07(a)(17)(B) (West Supp. 2019) (defining deadly weapon as anything that in the manner of its use or intended use is capable of causing death or serious bodily injury).

*Issue Three*

Via his last issue, appellant again questions the sufficiency of the evidence underlying the accusation of his using a deadly weapon (i.e., his foot) while sexually assaulting Latricia and his acting in retaliation for her being an informant or knowing she was an informant. He does so under the moniker of "variance," though. That is, because the proof varied from the allegations within the indictment the evidence was insufficient to support his conviction, so his argument goes. For the very reasons mentioned while earlier rejecting like contentions, we overrule this issue as well. Again, the State need not prove an allegation it abandoned.

The judgments of the trial court are affirmed.


Brian Quinn
Chief Justice


Do not publish.